UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVIN K. SCHAFFER,

                    Plaintiff,

          v.

GENEDX, LLC and GENEDX HOLDINGS,
CORP.,

                    Defendants.

25 Civ. 2550 (DEH)

**OPINION**
**AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Devin Schaffer ("Plaintiff" or "Schaffer") filed suit against his former employer alleging race and sex-based discrimination in violation of federal, state, and local laws, as well as common law claims for fraudulent misrepresentation and inducement, breach of contract, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress. First Amended Complaint ("Amended Complaint"), ECF No. 28. Defendants moved to dismiss the action in its entirety. Mot. Dismiss, ECF No. 29.

Currently before the Court is a Report and Recommendation (the "Report" or "R. & R.") from Magistrate Judge Gary Stein, recommending that the Court grant the Motion to Dismiss with respect to the Plaintiff's common law claims, and to grant in part and deny in part Plaintiff's statutory discrimination claims. ECF No. 36. For the reasons stated herein, the Report's recommendations are **ADOPTED IN FULL**.

## BACKGROUND

This action is assigned to Magistrate Judge Stein for general pretrial supervision and report and recommendation on dispositive motions. ECF No. 19. Familiarity with the factual background and relevant procedural history of this case as set out in the Report is assumed. *See generally* R. & R.

On January 30, 2026, Magistrate Judge Stein issued the Report. *Id.* The parties' objections were due by February 13, 2026. *Id.* at 83. Defendants timely filed their objections. Defs.' Objs., ECF No. 37. On February 21, 2026, Plaintiff requested a two-week extension to respond to Defendants' objections, ECF No. 38; the Court granted the extension request in part, extending the deadline to March 9, 2026, ECF No. 39. Plaintiff timely filed their responses on March 9, 2026. Pl.'s Resp. Opp'n Defs.' Objs. ("Pl.'s Resp."), ECF No. 40.

## LEGAL STANDARD[1]

When reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). For dispositive matters, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party. Fed. R. Civ. P. 72(b)(3). For those portions to which no proper objection is made, a district court need only satisfy itself that there is no "clear error on the face of the record." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 n.4 (2d Cir. 2022).

An objection is proper when it is timely, specific, and does "not raise new arguments not previously made before the magistrate judge." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025). A district judge may not reject a party's objections by "appl[ying] an additional qualification . . . [that] requir[es] that an objection may not reiterate . . . arguments already raised before the magistrate judge." *Id.* at 359-60. But, when a party has not properly made objections, for instance, by making "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

original papers[, it] will not suffice to invoke de novo review." *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009); *see also Nambiar*, 158 F.4th at 361 ("But as we explained, [clear error review] should be applied *only* when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (emphasis in original).

## DISCUSSION

Defendants raise three objections to the Report's recommendations: (1) it improperly concludes that Plaintiff adequately alleges a similarly situated comparator, Defs.' Objs. at 4-7; (2) it improperly defers decision on whether Plaintiff can assert claims under the Connecticut Fair Employment Practices Act (CFEPA), *id.* at 7-9; and (3) it wrongly decides additional grounds for dismissal of Plaintiff's fraud claim, *id.* at 9-13.  Each argument is addressed below.

## I.    Similarly Situated Comparator

With respect to Plaintiff's Title VII, 42 U.S.C. § 1981, and CFEPA[2] discrimination claims, Defendants object to the Report's conclusion that Plaintiff adequately alleges facts showing that Duquette, another member of the executive leadership team, is a similarly situated comparator. According to Defendants, membership on the executive leadership team is an insufficient "superficial overlap . . . given that Plaintiff's claims are centered on the alleged denial of a sign-on bonus and reduction of an equity award . . . ." Defs.' Objs. at 4.  Defendants state that "[w]hen considering compensation disparity, courts look to factors such as education, experience, performance, and job duties, to determine whether a comparator is similarly situated." *Id.* at 5.

---

[2] The pleading standards for discrimination claims brought under 42 U.S.C. § 1981 and the CFEPA are the same as those for Title VII claims.  R. & R. at 59 (quoting *Moore v. Hadestown Broadway Ltd. Liab. Co.*, 722 F. Supp. 3d 229, 245 (S.D.N.Y. 2024) and *Cloutier v. Ledyard Bd. of Educ.*, 575 F. Supp. 3d 276, 282 n.7 (D. Conn. 2021)).

According to Defendants, because the Amended Complaint is devoid of some facts, e.g., country of residence, timing of hiring, and/or job functions, and because the Amended Complaint pleads other facts that show the two "held highly dissimilar positions," Plaintiff cannot establish the causation element of his claim based on allegations that he was treated less favorably than Duquette as a similarly-situated comparator. *Id.* at 4-5.

As an initial matter, Defendants' objection on this point is moot because Plaintiff has alleged various other facts that may give rise to an inference of discrimination sufficient to establish the causation element of a prima facie case. "A showing of disparate treatment is only one method of raising an inference of discrimination." *Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp. 3d 599, 611 (E.D.N.Y. 2017). The Amended Complaint alleges facts concerning events leading up to Plaintiff's termination that may give rise to an inference of discrimination, including that Plaintiff "was terminated after only 16 months in his position, without any prior warning, after performing his duties properly and in exemplary fashion, and receiving generally positive feedback." R. & R. at 63. Additionally, "Schaffer claims he received no coherent explanation for why he was being fired and that the reasons he was given were false and pretextual." *Id.* Further, the Amended Complaint alleges that Plaintiff was replaced by someone outside his protected class. *Id.* at 64. As the Report states, "[o]rdinarily, the fact that a plaintiff was replaced with someone outside the protected class will 'suffice for the required inference of discrimination at the prima facie stage of the . . . analysis, including at the pleading stage.'" *Id.* (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 313 (2d Cir. 2015)).

These facts independently support an inference of discrimination. The Report discussed these allegations and credited them for purposes of the Motion to Dismiss, *see* R. & R. at 61-65, and Defendants do not object to those portions of the Report. The Court has reviewed this portion of the Report and finds no error in it, clear or otherwise, and therefore adopts it. Thus, even

4

excluding the allegations about Duquette as a similarly situated comparator, Schaffer has sufficiently alleged causation, rendering this objection moot.

In any case, Defendants' objection fails on the merits. "Ordinarily, whether two employees are similarly situated . . . presents a question of fact, rather than a legal question to be resolved on a motion to dismiss." R. & R. at 66 (quoting *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 230 (2d Cir. 2014). And the Second Circuit "cautions against deciding whether . . . comparators are similarly situated on a motion to dismiss." *Sampson v. Int'l Union of Operating Eng'rs Loc. 14-14B*, No. 22 Civ. 3588 (DG) (RER), 2023 WL 8530116, at *5 (E.D.N.Y. July 10, 2023). This is a rather low pleading standard, which Plaintiff has met here. Because Duquette and Schaffer were both members of the executive leadership team, their "circumstances . . . bear a reasonably close resemblance." *Brown*, 756 F.3d at 230. Given their status as senior executives, such differences in treatment may give rise to an inference of discrimination that is "logical[ly] relevan[t]" to Schaffer's claims. *McGuinness v. Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2001). This is sufficient for this stage of the litigation; whether the evidence actually supports a determination that Schaffer and Duquette were similarly situated for the purposes of Schaffer's claim can be addressed at a later stage.

## II.   CFEPA Claims

Defendants argue that the CFEPA does not protect Plaintiff because he was a remote employee and his only connection to Connecticut was his attendance at one shareholders' meeting in the state, and that GeneDX's corporate headquarters are formally located in Stamford. Defs.' Objs. at 9. As noted in the Report, however, "[n]either party offer[ed] any analysis of the jurisdictional or geographic reach of the CFEPA or cite[d] any cases addressing that question." R. & R. at 56. Defendants now provide that briefing in their objections. Defs.' Objs. at 7-9.

The Court agrees with Magistrate Judge Stein that it is appropriate to "refrain[] from deciding [this] question at this time." R. & R. at 58. While Defendants make a compelling case for their argument that the CFEPA does not "appl[y] to a remote employee who alleges no Connecticut locus," they rely only on case law from the workers' compensation context. Defs.' Objs. at 7. Defendants are unable to point to any case law within the context of employment discrimination to support their contention that the CFEPA has geographic limitations.

Defendants' most persuasive argument is that "Connecticut courts generally presume that statutes *do not* have extraterritorial effect, absent clear legislative intent to the contrary." *Id.* at 9 (emphases in original). To support that argument, Defendants point to *Abel v. Planning & Zoning Comm'n of Town of New Canaan*, in which the Connecticut Supreme Court held that it could not "conclude that the legislature intends, in every instance in which it uses the phrase ["any person," as the CFEPA does], to encompass persons outside the territorial jurisdiction of the state." 297 Conn. 414, 429-30 (2010). But there, the Connecticut Supreme Court acknowledged that, to effectively construe such a statute, it "must look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." *Id.* at 430.

Defendants provide no such arguments in their briefing. That is, they do not address the legislative history of the CFEPA, the circumstances surrounding its enactment, or the policy and/or common law principles it was designed to support. While the Court acknowledges the presumption against the application of extraterritorial effect, that presumption may not apply to the specific circumstances of CFEPA, and there may be good reason for the CFEPA to have extraterritorial effect—including the policy arguments advanced by Schaffer that "[t]he legal

6

landscape is changing when it comes to remote employees and jurisdiction."  Pl.'s Mem. Law Opp. Defs.' Mot. Dismiss ("Pl.'s Opp.") 11, ECF No. 34.

Ultimately, given that "the CFEPA's anti-discrimination protections are co-extensive with those of Title VII," the Court agrees with the Report's conclusion that "it is unnecessary for the Court to predict whether the Connecticut Supreme Court" would impose geographic or jurisdictional limits on the CFEPA at this time because, "[a]t this juncture of the case, nothing of substance turns on whether Schaffer's claims are deemed to fall within the jurisdictional scope of the CFEPA."  R. & R. at 57-58.  Accordingly, the Court accepts the Report's recommendation to decline to rule on this issue at this juncture of the litigation.

## III.    Fraud Claim

Defendants also object to two of the Report's conclusions with respect to Plaintiff's fraud claims, despite the Report ultimately recommending dismissal of those claims.  According to Defendants, the Report errs in concluding that factual discovery is needed to determine the degree of Plaintiff's sophistication, Defs.' Objs. at 10-11, and that the Report incorrectly determines that Plaintiff plead fraud damages, *id.* at 11-13.  The Court does not address these objections because they are moot.  The Report recommends that Plaintiff's fraud claim be dismissed for the additional reason that the Plaintiff fails to satisfy the heightened pleading standard for fraud pursuant to Rule 9(b), *see* R. & R. at 14-21, and there is no objection to this portion of the Report.  The Court has reviewed it and finds no error in it, clear or otherwise.  It therefore adopts it and dismisses the fraud claim on that basis.

## IV.    Other Portions of the Report

The Court has reviewed these portions of the Report to which no party has objected and has found no error, clear or otherwise.  Accordingly, these portions of the Report are adopted in full.

**CONCLUSION**

For the reasons stated herein, the Report's recommendations are **ADOPTED IN FULL**. Defendants' Motion to Dismiss as to Plaintiff's claims for fraudulent misrepresentation and inducement (Count One), breach of contract (Count Two), breach of the implied covenant of good faith and fair dealing (Count Three), race and sex discrimination under the NYSHRL and the NYCHRL (Counts Six, Seven, Ten, and Eleven), and intentional infliction of emotional distress (Count Thirteen) is **GRANTED**. To the extent that Plaintiff's Title VII, § 1981, and the CFEPA (Counts Four, Five, Eight, Nine, and Twelve) claims allege a hostile work environment, Defendants' Motion to Dismiss is **GRANTED**; the Motion to Dismiss with respect to those claims is otherwise **DENIED**.

The Clerk of Court is respectfully requested to terminate ECF Nos. 12 and 29.

SO ORDERED.

Dated: March 30, 2026

       New York, New York

 

                                   DALE E. HO
                          United States District Judge